UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LAUREL J. HINDERKS,

Plaintiff,

v.

UNITED STATES NAVY,
ADMIRAL BLACK,
KATHLEEN RUTTNKE, and
CARLOS COSTAS TRAVEL AGENCY,

Defendants.

Civil No. 00-1090 (JMR/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

As far as the Court can discern, Plaintiff is attempting to sue the United States Navy to recover certain military death benefits. Plaintiff apparently is claiming that she is entitled to such benefits because she was (allegedly) the common law wife of Henry B. Ruttnke, a deceased Navy veteran. It further appears that Plaintiff is attempting to sue Ruttnke's daughter, Defendant Kathleen Ruttnke, based on allegations that she (Kathleen)

FILED JUL 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

has obtained certain assets from Henry Ruttnke's estate by means of some form of fraud or deceit. Although the caption of the complaint lists two additional Defendants -- "Admiral Black" and "Carlos Costas Travel Agency" – the complaint itself fails to explain why those two parties are being sued. Plaintiff is asking the Court to award her a judgment against Defendants in the amount of $200,000.

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] In this case, it is clear that, even with the benefit of liberal construction, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's complaint is inadequate. Her pleading is fatally defective in several respects.

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

Most notably, Plaintiff's submissions[2] do not include sufficient factual allegations to state an actionable claim against any of the named Defendants. While a pro se pleading is to be liberally construed, it still must allege some historical facts which if proven true would entitle the plaintiff to some legal relief against the individuals named as defendants. Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Here, Plaintiff's complaint is fatally deficient for the simple reason that it does not allege any facts that would support any claim against any of the individual Defendants. The complaint does not specifically describe what any individual Defendant actually did, (or failed to do), that would cause such Defendant to be liable to Plaintiff.

At most, Plaintiff has pleaded nothing more than broad allegations suggesting that Defendants have somehow deprived her of certain benefits purportedly accruing to her by reason of her relationship with Henry Ruttnke.[3] Such conclusory allegations alone, however, will not suffice. Again, a complaint must allege specific historical facts which, if ultimately established, would substantiate the plaintiff's legal claims against the named defendants. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may

[2] Following the rule of liberal construction, the Court has considered not only Plaintiff's complaint, but also the document attached to the complaint, and the various materials that were submitted subsequent to the filing of the complaint. (Docket No. 3.)

[3] While the broad allegations of the complaint provide at least some indication as to why Plaintiff is attempting to sue the Navy and Kathleen Ruttnke, Plaintiff's pleading does not offer even the slightest clue as to why she is attempting to sue "Admiral Black" and "Carlos Costas Travel Agency."

not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Because Plaintiff has not adequately described the facts on which her claims are based, she has failed to state a legally cognizable cause of action.

Furthermore, to the extent that Plaintiff is attempting to sue the U.S. Navy for military death benefits, her claim does not appear to fall within the District Court's subject matter jurisdiction. Because she is seeking more than $10,000, her claims against the Navy can be brought only in the U.S. Court of Claims. Sellers v. Brown, 633 F.2d 106, 107 (8th Cir. 1980) (per curiam) ("the Court of Claims has exclusive jurisdiction of [non-tort] monetary claims against the United States in excess of $10,000"), citing 28 U.S.C. § 1346(a). Therefore, even if Plaintiff's claim against the Navy were supported by sufficient factual allegations, that claim could not be entertained here.

Plaintiff's claims against Defendant Kathleen Ruttnke are also defective for reasons that go beyond the general lack of factual allegations discussed above. First, Plaintiff has not complied with Fed. R. Civ. P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." (Emphasis added.) "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property Investments, Inc. v. Quality Inns International, Inc., 61 F.3d 639, 644 (8th Cir. 1995). To state an actionable fraud claim, a complaint must describe specific events, including when and where such events occurred. Id. The complaint must explain the Defendant's allegedly wrongful acts "with particularity;" broad allegations of fraud will not suffice. Plaintiff's current pleading does not come close to satisfying the requirements of Rule 9(b),

because it does not include any factual allegations describing any specific fraudulent acts committed by Defendant Kathleen Ruttnke.

In addition, it appears that Plaintiff's claims against Kathleen Ruttnke are directly related to the probating of Henry Ruttnke's estate. However, "a federal court has no jurisdiction to probate a will or administer an estate," even where there is diversity of citizenship between the parties involved in a probate dispute. Markham v. Allen, 326 U.S. 490, 494 (1946). See also, Dragan v. Miller, 679 F.2d 712, 713 (7th Cir.) (describing the "probate exception" as "settled law"), cert. denied, 459 U.S. 1017 (1982). It is therefore highly doubtful that Plaintiff's claims against Kathleen Ruttnke could be entertained in federal court, even if those claims were adequately pleaded.

For all of the reasons discussed above, the Court concludes that Plaintiff has failed to state a claim that is actionable in federal district court. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

---

[4] Even if Plaintiff's complaint did state an actionable claim, her IFP application still would not be granted at this time, because she has not adequately shown that she is unable to pay the $150 filing fee for this action. The IFP application shows that Plaintiff is currently employed, and that she also is receiving certain disability or workers compensation payments. Plaintiff has provided no information, however, about the amount of her regular income. (IFP Application, [Docket No. 2], §§ 2.a.,3.d. and 7.) Thus, the Court has no basis to conclude that Plaintiff is financially eligible for IFP status.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: ~~June~~ July 12, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.